MALONEY v. UNITED DRESSED BEEF CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

PLEADING (§ 324*)—COMPLAINT—BILL OF PARTICULARS—SUFFICIENCY.

An order requiring an employé, suing for a personal injury received while oiling a machine, to furnish a bill of particulars stating wherein the employer failed to promulgate and enforce rules for the safe conduct of its business so as to avoid injury to the employé and others similarly situated, is complied with by the employé stating that the employer failed to promulgate and enforce any rules as to the running of the machine, and as to the times and circumstances under which persons were allowed to work in and about it, especially as oiler.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 982; Dec. Dig. § 324.*]

Appeal from Special Term.

Action by William Maloney against the United Dressed Beef Company of New York. From an order requiring plaintiff to furnish a further bill of particulars, he appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

M. S. Bevins, for appellant.
William L. O'Brien, for respondent.

INGRAHAM, J. The action is for personal injuries caused by the alleged negligence of the defendant. Plaintiff alleges that while working at a certain ice machine, and while oiling and cleaning certain parts of said ice machine, his left hand and arm were cut by said ice machine, causing injuries for which he has brought this action. The negligence alleged is that the defendant failed to have the said ice machine properly and safely guarded or protected; that the defendant failed to have the place where the said ice machine was being operated properly, sufficiently, and safely lighted; that defendant caused and permitted the floor at, near, and about the said machine to be slippery and unsafe; that defendant failed to promulgate and enforce proper rules and regulations for the safe conduct of its business so as to avoid injury to plaintiff and others; that said machine was improperly and defectively constructed, and not properly inspected from time to time; that said occurrence and injuries were due to a defect in the condition of the ways, works, and machinery of the defendant by reason of the carelessness of the defendant's servants intrusted with

and exercising superintendence in the premises; and by reason of a violation of the labor law (chapter 415, p. 461, of the Laws of 1897) and the employer's liability act (chapter 600, p. 1748, of the Laws of 1902).

The defendant, having answered the complaint, made a motion for a bill of particulars, which was granted, and plaintiff was required, among other things, to furnish a bill of particulars stating wherein the defendant failed to promulgate and enforce proper rules and regulations for the safe conduct of its business so as to avoid injury to the plaintiff and others similarly situated, as alleged in paragraph 6. In answer to this clause of the order, the bill of particulars stated that the defendant failed to promulgate any rules or regulations, and failed to enforce any rules and regulations, in respect to the running of this machine and in respect to the times and under what circumstances or conditions people were allowed to work in and about the same, especially as oiler. The defendant returned this as not being a compliance with the order, and then made a motion for a further bill of particulars, which was granted, whereby the plaintiff was required to serve a further bill of particulars setting forth in detail what rules plaintiff claims should have been promulgated and enforced. From that order the plaintiff appeals.

I think the original order was complied with. It stated the nature of the rules which plaintiff claims the defendant should have promulgated and enforced. Plaintiff could hardly be asked to formulate the rules that he claims the defendant should have formulated. All that he could reasonably be required to do was to state the general subject upon which the defendant should have promulgated and enforced rules, and this he has stated to be the running of the machine and the time and under what conditions and circumstances people were to be allowed to work in and about the same. It seems to me it is unreasonable to require the plaintiff to give further details than those already given.

I think, therefore, that the order for a further bill of particulars should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.